UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. NORTON, | ) |
| | ) |
| Plaintiff[1] | ) |
| | ) |
| v. | )   No. 1:23-cv-00206-NT |
| | ) |
| INTERNAL REVENUE SERVICE et al., | ) |
| | ) |
| Defendants | ) |

### RECOMMENDED DECISION AFTER PRELIMINARY REVIEW

Because I granted the Michael A. Norton's application to proceed *in forma pauperis*, *see* Order (ECF No. 5), his complaint (ECF No. 1) is now before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, I recommend that the Court dismiss Norton's complaint.

### I.  Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to federal courts for persons unable to pay the costs of bringing an action. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). When a party proceeds *in forma pauperis*, however, a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Norton also lists Lunar Computation Systems, Inc., as a plaintiff, but he is not entitled to bring claims on behalf of a corporation because he is not a licensed attorney. *See In re Las Colinas Dev. Corp.*, 585 F.2d 7, 13 (1st Cir. 1978) ("One of the time-hallowed restrictions on corporations has been that, in court proceedings, they must be represented by a licensed attorney.").

1

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals under section 1915 are often made on the court's own initiative "prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering" meritless complaints. *Neitzke*, 490 U.S. at 324.

When considering whether a complaint states a claim for which relief may be granted, the court must accept the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An unrepresented plaintiff's complaint must be read liberally in this regard, *see Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002), but must still contain "the crucial detail of who, what, when, where, and how" in order to provide fair notice of what the claims are and the grounds upon which they rest, *Byrne v. Maryland*, No. 1:20-cv-00036-GZS, 2020 WL 1317731, at *5 (D. Me. Mar. 20, 2020) (rec. dec.), *aff'd*, 2020 WL 2202441 (D. Me. May 6, 2020).

## II. Allegations

In a vague and hard to understand complaint, Norton asserts that the Internal Revenue Service (IRS) and Maine Revenue Services (MRS) "have no legal right to retaliation against" him "for any previous filing made individually or by a corporate representation." Complaint at 1. He alleges that the IRS and MRS have "smear[ed]" him "online" and "offline." *Id.* The following passage is indicative of the incomprehensibility of his allegations:

> Neither the I.R.S. nor the media-companies cited in documents requested by I.R.S. by [Norton]—has right or ownership of [Norton] nor of his S-Corporation. The I.R.S. has exhibited considerable and severe negligence and despondency to [Norton] along with Maine Revenue Services, while [Norton] has been persecuted and had several of his bones fractured within the past 6 months. The I.R.S.-negligence has been ongoing for over 18 months now.

*Id.* at 2.

### III. Discussion

Norton's complaint should be dismissed for two separate reasons. First and foremost, it fails to provide fair notice of his claims because it is hopelessly vague on the alleged harm and completely silent on the relief sought. Second, Norton does not cite any authority demonstrating that his claims (whatever they may be) against the IRS and MRS are not barred by the doctrine of sovereign immunity. *See, e.g.*, *Strickland v. IRS*, No. 1:16 CV 755, 2016 WL 2348991, at *2 (N.D. Ohio May 4, 2016) (concluding that a pro se plaintiff's claims against the IRS were barred by sovereign immunity because he failed to "point to some statute waiving sovereign immunity for the type of suit he" was attempting to bring against the IRS); *Irish v. State of Maine*, No. 1:15-cv-00503-JAW, 2016 WL 4742233, at *8 (D. Me. Sept. 12, 2016) (holding that a Maine state agency was entitled to sovereign immunity), *vacated in part on other grounds,* 849 F.3d 521 (1st Cir. 2017).[2]

---

[2] Congress has waived sovereign immunity for civil actions "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). I do not read Norton's complaint as stating a claim that falls within this limited waiver, but, even if it does, he has failed to demonstrate that he exhausted his administrative remedies, which is a mandatory prerequisite to suit. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary . . . ."); *Whatley v. IRS*, No. 3:19-CV-12-HSM-DCP, 2019 WL 545013, at *3 (E.D. Tenn. Jan. 22, 2019) (rec. dec.)

This is Norton's third time filing a deficient complaint in this Court. *See Norton v. Biden*, No. 1:22-cv-00274-NT, 2022 WL 4376923, at \*2 (D. Me. Sept. 22, 2022) (rec. dec.) (dismissing Norton's complaint against President Biden because it was "fantastic and delusional" and President Biden was immune from suit), *aff'd*, 2022 WL 4585747 (D. Me. Sept. 29, 2022); *Norton v. Univ. of Me.-Orono Physics Dep't*, No. 1:20-cv-00030-JAW, 2020 WL 1321535, at \*2-3 (D. Me. Mar. 20, 2020) (rec. dec.) (dismissing Norton's complaint because his claims against the University of Maine and its employees were barred by sovereign immunity), *aff'd*, No. 1:20-cv-030-NT, 2020 WL 2564672 (D. Me. May 19, 2020). Accordingly, he should be cautioned that further groundless and inappropriate pleadings could result in the Court imposing filing restrictions such as requiring him to obtain advance approval from the District Judge before filing a case by showing that his proposed pleading is "sufficiently plain and definite to satisfy" Fed. R. Civ. P. 8 "and to warrant a response." *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980).

### IV. Conclusion

For the foregoing reasons, I recommend that the Court **DISMISS** Norton's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and **WARN** him that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

### *NOTICE*

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered***

---

(dismissing a plaintiff's complaint against the IRS for failing "to demonstrate that he exhausted his administrative remedies before filing" suit), *aff'd*, 2019 WL 539005 (E.D. Tenn. Feb. 11, 2019).

*pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: May 16, 2023

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge